IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ROBERT E. BURTON,

    Plaintiff,

v.

                                  Case No. 5:25-CV-00021-JPB

MAXIMUS EDUCATION, LLC d/b/a
AIDVANTAGE, TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC. and
EQUIFAX INFORMATION SERVICES,

    Defendants.

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Robert E. Burton, by counsel, who for his Complaint against the Defendant, Maximus Education, LLC d/b/a/ Aidvantage, Trans Union, LLC, Experian Information Solutions, Inc. and Equifax Information Services, LLC, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act and state law.

2. Venue is proper because Plaintiff resides in Brooke County and the incidents at issue in this litigation involve conduct occurring in Brooke County, West Virginia.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of West Virginia and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. The Defendant, Maximus Education, LLC d/b/a/ Aidvantage ("Aidvantage") is Delaware corporation with its principal office located at 1600 Tysons Blvd 14th Floor Tysons, VA,

22102.  Its agent for service of process is Corporation Service Company 209 West Washington Street, Charleston, WV, 25302.

5. Upon information and belief, Trans Union, LLC ("Trans Union") is a corporation incorporated under the laws of the State of Delaware and does business in West Virginia.  Its agent for service of process is Corporation Service Company 209 West Washington Street, Charleston, WV 25302.

6. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

7. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Ohio, has its North American headquarters in California and does business in West Virginia.  Its agent for service of process is CT Corporation System, 5098 Washington St. W Ste. 407, Charleston, WV  25313-1561.

9. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Equifax Information Services, LLC ("Equifax") is a corporation incorporated under the laws of the State of Georgia, has its North American headquarters in Atlanta, Georgia and does business in West Virginia. Its agent for service of process is Corporation Service Company 209 West Washington Street, Charleston, WV 25302.

12. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

13. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14. Collectively Equifax, Experian and Trans Union are referred to as the credit reporting agencies or CRAs.[1]

## FACTS

15. In early 2024, Plaintiff became aware of a purported student loan obligation after receiving a billing and collection notice for an installment payment of $100.16 with a total current balance of $2,871.19.

16. Plaintiff is a retired steel worker and has not incurred any tuition obligation.

17. Plaintiff never authorized this loan transaction and did not attend any schooling related to these student loan accounts.

18. At no relevant time did Plaintiff have a relationship of any kind with Defendant Aidvantage.

---

[1] Plaintiff has reached a confidential settlement agreement with each of the CRAs and the claims asserted against the CRAs are being dismissed with prejudice. Therefore, the CRAs are not required to respond to this Amended Complaint.

19. Plaintiff did not begin to discovery this specious debt obligation until he received collection notices.

20. Thereafter, Plaintiff began a dispute process that has proved unsuccessful

21. Plaintiff contacted Aidvantage to dispute the debt and request that it investigate.

22. Aidvantage declined to remove the debt and indicated it would continue collection activity without cause.

23. Aidvantage continues to bill the Plaintiff for a debt obligation that does not belong to him and to assert that Plaintiff is past due on the debt.

24. In early 2024, Plaintiff discovered that Aidvantage was reporting two student loan obligations with the CRAs – one with a balance of approximately $1,771 and another with a balance of $1,117.

25. Plaintiff notified the CRAs of possible fraudulent activity and established a fraud alert with each of them.

26. Plaintiff filed a written dispute with Trans Union by letter dated February 22, 2024. He disputed the tradeline for both loans along with address and telephone information that do not belong to him.

27. Plaintiff filed a written dispute with Experian by letter dated February 22, 2024. He disputed the tradeline for both loans along with address, telephone and employer information that do not belong to him.

28. Plaintiff filed a written dispute with Experian by letter dated February 22, 2024. He disputed the tradeline for both loans.

29. Plaintiff made clear to the CRAs that "the accounts with Dept of Ed/AidV are not mine."

30. Upon information and belief, each of Plaintiff's dispute letters were forwarded to Defendant Aidvantage by the respective credit reporting agencies.

31. Experian responded to the dispute on March 7, 2024 and indicated that the disputed accounts would remain. Accordingly, no changes were made to the false reporting by Defendant Aidvantage.

32. Trans Union responded to the dispute on March 7, 2024 and indicated that the disputed accounts were verified as accurate. Accordingly, no changes were made to the false reporting by Defendant Aidvantage.

33. Equifax provided a new credit report dated March 23, 2024 that includes both disputed Aidvantage tradelines or accounts – neither of which were incurred by the Plaintiff.

34. Plaintiff provided Equifax with additional identity information by letter dated April 22, 2024 that included evidence of his address and social security number. Still Equifax did not respond to the dispute or correct its misreporting.

35. Meanwhile, Plaintiff is receiving collection letters from Aidvantage including, but not limited to, the letters dated March 13, 2024 and April 28, 2024 that attempted to collect a past due balance and misrepresent a debt obligation.

36. Collection letters, calls and threats continued for several months, including collection notices dated August 30, 2024, September 25, 2024, and September 30, 2024.

37. Upon information and belief, Aidvantage continues to misrepresent the debt obligation and unfairly collect on these student loan accounts.

38. Trans Union and Experian credit reports dated October 17, 2024 continue to misreport the Aidvantage debts that do not belong to the Plaintiff.

39. Upon information and belief, Defendant Aidvantage failed to conduct lawful investigations and, upon information and belief, unlawfully and wrongfully verified the reporting as accurate. Upon information and belief, Defendant Aidvantage continues to falsely report the subject debt.

40. As recently as March 2, 2025, Aidvantage mailed Mr. Burton a collection letter that states "Your payment is seriously overdue… Your account became past due after you missed your payment on 12/27/24. The amount past due is $156.78." The letter goes on to identify methods of payment and various consequences of default.

41. Upon information and belief, the CRAs are still reporting the false and unauthorized accounts as described above which adversely affects Plaintiff's credit rating.

42. Upon Plaintiff's information and belief, and in accordance with their standard procedures, Experian, Equifax and Trans Union did not evaluate or consider any of Plaintiff's information or claims and did not make a reasonable attempt to investigate Defendant Aidvantage's representations and simply accepted its representations as accurate

43. Defendants have compromised Plaintiff's access to credit in imparting to past, present and future credit grantors that Plaintiff has applied for and obtained student loans.

44. As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has suffered financial losses, consequential damages and has had to secure the services of legal counsel.

45. As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has suffered annoyance, aggravation, inconvenience and emotional distress.

46. Plaintiff has been forced to endure Defendant Aidvantage's abusive collection activity at a time when he is undergoing cancer treatment, which has added unnecessary stress,

concern and aggravation to the Plaintiff's life.

47. As a direct and proximate result of Defendants' misconduct as described above, the Plaintiff has suffered adverse actions and consequences in credit-related transactions or in the ability to enter into credit related transactions.

## COUNT I
### Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681s-2(b) (Against Defendant Aidvantage)

48. Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

49. Defendant Aidvantage willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the information.

50. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, and embarrassment.

51. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

52. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA's Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681e(b)

53. The Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

54. Experian, Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning the Plaintiff.

55. As a result of the conduct, action and inaction of Defendant CRAs, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of adverse actions.

56. Defendant CRAs' conduct, action and inaction was willful, rendering them liable for actual and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

57. The Plaintiff is entitled to recover costs and attorney's fees from CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
### CRA's Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681i

58. Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

59. Defendant CRAs violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Defendant Lender; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or by relying upon verification from a source it has reason to know is unreliable.

60. As a result of this conduct, action and inaction of CRAs, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of adverse credit actions.

61. CRAs' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover costs and attorney's fees from CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV
### Violations of the West Virginia Consumer Credit & Protection Act
### W.Va. Code 46A-1-101, *et. seq.*

63. The foregoing paragraphs are realleged as if set forth here fully.

64. Plaintiff is a natural person allegedly obligated to pay a debt and is therefore a "consumer" under W.Va. Code § 46A-2-122(a).

65. The Defendant Aidvantage is a debt collector as defined by W.Va. Code § 46A-2-122 and, thus, subject to the provisions of W.Va. Code §§ 46A-2-122, *et seq.*, regulating debt collection practices.

66. This Complaint alleges multiple violations of the West Virginia Consumer Credit & Protection Act ("the WVCCPA") stemming from the Defendant's debt collection practices.

67. Defendant Aidvantage's actions and omissions constitute multiple violations of W.Va. Code § 46A-2-124 (collecting or attempting to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce), § 127 (using fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain

information concerning consumers) and/or § 128 (using unfair or unconscionable means to collect or attempt to collect any claim).

68. By contacting the Plaintiff in an attempt to collect the underlying debt or to obtain information concerning the Plaintiff through fraudulent, deceptive or misleading representations or means, as further described above, Defendant violated W.Va. Code § 46A-2-127, including, but not limited to, subsections (d) and (h), on one or more occasion.

69. In the course of collecting a debt that was not fairly and truly due and owing, Aidvantage and/or its agents made false representations or implications of the character, extent or amount of a claim against a consumer, on one or more occasion.

70. By collecting or attempting to collect money alleged to be due and owing by means of any threat, coercion or attempt to coerce, Defendant violated W.Va. Code § 46A-2-124, including, but not limited to, subsection (c) and (f), on one or more occasion.

71. By collecting or attempting to collect money alleged to be due and owing by unfair or unconscionable means, Defendant violated the general prohibition under W.Va. Code § 46A-2-128.

72. As a result of the violations referenced in this Amended Complaint, the Plaintiff is entitled to actual damages, as more fully described above, and is further entitled to a civil penalty for each violation of the WVCCPA, including each and every prohibited debt collection practice, in accordance with W.Va. Code §§ 46A-5-101(1) and 106.

73. The Plaintiff is entitled to reasonable attorney's fees and costs pursuant to W.Va. Code § 46A-5-104.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against the Defendants for all damages, penalties and relief alleged herein, together with pre and post judgment interest and attorney fees, and any other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**.

                                  ROBERT E. BURTON, Plaintiff

By:   /s/ *Jason E. Causey*
       JASON E. CAUSEY #9482
       BORDAS & BORDAS, PLLC
       1358 National Road
       Wheeling, WV  26003
       (304) 242-8410
       jcausey@bordaslaw.com
       *Counsel for Plaintiff*